Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID GASKINS, et al., | : | |
| Plaintiffs, | : | Civil Action No. 18-0459 (ES) |
| v. | : | MEMORANDUM OPINION |
| DONALD TRUMP, et al., | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Plaintiffs David Gaskins, "A.K.A. Divine," Willie Lawson and Kevin Williams, prisoners at East Jersey State Prison in Rahway, New Jersey at the time of filing, are seeking to bring this action *in forma pauperis* ("IFP"). As discussed below, there are several issues with this filing.

2. At the outset, where more than one pro se party seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400.00 filing fee or seek *in forma pauperis* status. *See Hagan v. Rogers*, 570 F.3d 146, 150 (3d Cir. 2009); *Miller v. New Jersey*, No. 13–2018, 2013 WL 2149692, at *2 (D.N.J. May 16, 2013) (citations omitted). In the event that multiple pro se parties seek to join as plaintiffs and they do not prepay the $400 filing fee, then each plaintiff must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf. *See Hagan*, 570 F.3d at 154–55; *Alford v. Wojchiechowicz*,

No. 15–6750, 2015 WL 5771616, at *2 (D.N.J. Sept. 30, 2015) (explaining same). A $350[1] filing fee will be collected in monthly installments from each plaintiff who is granted *in forma pauperis* status. *Hagan*, 570 F.3d at 155–56.

3. Here, Mr. Gaskins is the only Plaintiff who has submitted an IFP application, which the Court will grant. Because the remaining Plaintiffs have not submitted IFP applications, the Court will instruct the Clerk of the Court to terminate the additional Plaintiffs listed in the caption until such time that they each submit a complete IFP application and sign any amended complaint in this action.

4. At this time, the Court must review the Complaint (D.E. No. 1, Complaint ("Compl.")), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

5. Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding as indigent.

---

[1] A prisoner-plaintiff who is pursuing his case *in forma pauperis* is not required to pay the $50 administrative fee.

6. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

8. In addition, pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[D]ismissal for violation of Rule 8 'is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised.'" *Bhatt v. Hoffman*, 716 F. App'x 124, 127 (3d Cir. 2017) (quoting *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008)).

9. Here, the Complaint consists of approximately one thousand pages, hundreds of which contain nothing but string citations to case law, secondary sources and Bible verses.[3] He names nearly two hundred defendants, and despite the Complaint's length, he makes no real factual allegations against any of them. Defendants would be unable to discern any claims against them from the Complaint as it currently stands.

10. This Court will accordingly dismiss the Complaint for failure to comply with Rule 8(a)(2). The dismissal is without prejudice to the filing of an amended complaint, within 30 days of the date of the entry of the Order accompanying this Opinion, which sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

---

[3] While the Complaint does contain some page numbers, it is not consecutively paginated and the Court has estimated the length to the best of its ability.

11. Even if the Complaint was not dismissed for failure to comply with Rule 8, the Court would nevertheless still dismiss it for failure to state a claim. Plaintiff purports to bring this Complaint pursuant to 42 U.S.C. §§ 1983, 1981, 1985, 1331, 1986, 1340 and 18 U.S.C. § 2425. (Compl. ¶ 1a). In the facts section of the form Complaint, Plaintiff states only the following:

> 8th Amendment cruel and unusual punishment, doctrine obligation, moral turpitude, abuse of rights doctrine actionable per quod, actionable per se, adverse domination doctrine, civil investigation demand, equitable wrongs, libel and slander, actual malice, actual fraud, conspiracy to entrapment, willful misconduct, malicious intent.

(Comp. ¶ 6).

12. In the additional pages of the Complaint, Plaintiff essentially re-states a variation of the following against each of the nearly two hundred defendants:

> Conspiracy to commit fraud as he chose to be apart [sic] of the prison slavery agreement throughout America. $53,681 to incarcerate a single individual in New Jersey prison each year. Peon to the master. As stated by Huff, in peonage of debt slavery in the land of the free, from which state officials and members of the United States Congress continued to gain a debt of peonage from convicted felons. Defendant participates in the following, violating the plaintiffs in this case New Jersey Constitutional rights Federal Constitutional rights, and United States Constitutional rights, violated, as well as state and local tort laws. Plaintiffs bring this action as an attempt to obtain a remedy resolution to their problems through the courts. This Court has jurisdiction over the subject matter and venue is proper. This action is filed pursuant to 42 U.S.C. 1983, 1985, 1331 and 18 U.S.C. 2425 New Jersey Discrimination Act. Plaintiffs have exhausted all available administrative remedies and cannot find a remedy in which to resolve these unlawful iniquities as set forth in this complaint. Plaintiffs also infer that defendant is in violation of the Klu Klux Klan Act of 1871 [American Civil Remedies Act] Act. 17. Stat. 13. Plaintiffs bring suit in the matter complained of, suing this particular defendant in both individual and official capacity. Wherefore the plaintiffs request the following relief: actual damages, punitive damages, absolute liability, de factor government, de factor officers, defamation, libel and slander. For this case the amount of googol

"$10^{100}$", 1,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,0 coined at the age of nine by Milton Sirotta, nephew of Edward Kasner [1878-1955] Amer, mathematician.

13. In the Relief section of the form Complaint, Plaintiff states the following:

> We want the Court to consider this action as one for habeas relief where the goal is to challenge validity of incarceration. Please release us immediately. We would ask the Court to grant us sovereign and diplomatic immunity privileges. We ask the Court to grant us monetary reward for the damages stated in the body of this arguement [sic]. Absolute liability. Repeal the 13th Amendment in the United States Constitution.

(Compl. ¶ 7).

14. Plaintiff's Complaint is entirely devoid of facts which would suggest that any of the named defendants have violated his constitutional rights in any way. The Complaint contains only allegations that are conclusory, incomprehensible, repetitive and without any substance whatsoever. In sum, Plaintiff has failed to sufficiently state a claim against any of the Defendants. *Iqbal*, 556 U.S. at 678.

15. Moreover, to the extent Plaintiff is seeking release from confinement, a civil rights complaint is not the appropriate vehicle to do so. Instead, he must file a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement."); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (holding that "whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition").

16. Based on the foregoing, the Court will dismiss the Complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915, 1915A. Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.

17. An appropriate order follows.

                                                             *s/Esther Salas*
                                                            **Esther Salas, U.S.D.J.**